# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| VIVIAN RODRIGUES DA-SILVA,<br><br>              Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br><br>              Defendant. | 2:12-cv-00595-GMN-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>[Smith's Food & Drug Centers, Inc.'s Motion to Dismiss, or, in the Alternative to Compel Discovery and Award Sanctions, filed December 13, 2012 (#14)] |

      Before the Court is Defendant Smith's Food & Drug Centers, Inc.'s Motion to Dismiss, or, in the Alternative to Compel Discovery and Award Sanctions, filed December 13, 2012. (#14). Plaintiff filed her opposition on December 21, 2012. (#15). Defendant filed its reply on December 31, 2012, (#17).

**Background:**

      Defendant has demonstrated that Plaintiff provided false deposition testimony, provided false and/or incomplete discovery responses, concealed evidence, and made false representations to her medical providers regarding the condition of her lower back before her alleged fall at Defendant's grocery store.

      The exhibits attached to Defendant's motion establish that, until the filing of this motion, Plaintiff has maintained, under oath and in responses to written discovery, that she never had an injury to her lower back before the alleged accident at Smith's. Defendant attached to its motion, as Exhibit A, the Findings and Recommendation in *Vivian Penalver v. Michael J. Astrue*, Commissioner of Social Security Case No. 2:09-cv-00215-KJD-GWF, prosecuted in this district. Defendant asserts that Vivian Penalver and the Plaintiff are the same person.

In that case, as established in the Social Security Administration proceedings, the record of which was filed in this court, in 2005, the Plaintiff, whose maiden name was Vivian Penalver, was diagnosed with a lower back condition that consisted of a herniated disc. The injury stemmed from a work related injury that occurred in Alaska in 2003. The medical records in that action reported that in 2005 plaintiff's lower back pain was so severe that she had trouble sitting for long periods of time and that the pain made it hard for her to get out of bed in the morning. An MRI ordered at that time showed, "a herniated lumbar disc between L4-L5 with mild encroachment on the left neuroforamen and nerve root." (Exhibit A, at 6).

Plaintiff does not dispute that her maiden name was Vivian Penlaver, admitting that she is the same person who pursued a Social Security Disability claim in the 2009 case referenced above. None of the facts set forth above are disputed. The opposition (#15) argues that her misrepresentations regarding prior litigation are properly characterized as mistakes rather than lies. The opposition does not argue, however, that her lies regarding her prior medical condition were mistakes. It is apparent from the evidence presented by the Defendant, that such an argument would not be ethically permissible. The court finds that Plaintiff's counsel was not complicit in the discovery abuses perpetrated here. It appears that Plaintiff's counsel and her current treating physicians were also deceived regarding Plaintiff's preexisting medical condition.

**Law:**

Federal courts have authority to sanction litigants for discovery abuses under Fed. R. Civ. P. 37. In addition, federal courts have inherent powers to sanction parties for bad faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). These inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* Sanctions imposed under these inherent powers can range from shifting attorney's fees to imposing default judgments. *Id.* at 44-45; see also *Diettrich v. Northwest*

*Airlines, Inc.*, 168 F.3d 961,964 (7th Cir. 1999). It is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning before dispositive sanctions are levied. *Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

Federal courts have long recognized that providing false deposition testimony or knowingly providing incomplete and/or misleading interrogatory answers constitutes perjury and, in effect, constitutes fraud on the court. See *Pappas v. Pappas*, 164 Conn. 242, 245,320 A.2d 809 (1973).

The district court has inherent authority to impose the sanction of dismissal with prejudice because of abusive litigation practices during discovery. *Anheuser-Busch, Inc. v. Natural Beverage Distributers*, 69 F.3d 337,348 (9th Cir. 1995) (finding that dismissal is appropriate where a "pattern of deception and discovery abuse made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available."). District courts "have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585,591 (9th Cir. 1983). Dismissal is warranted when "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." *Anheuser-Busch*, 69 F.3d at 348.

The following factors should be evaluated when determining whether dismissal is an appropriate sanction: (1) the public's interest in-expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking the sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henry v. Gill Indus., Inc.,* 983 F.2d 943, 948 (9th Cir. 1993).

Dismissal is appropriate when the sanctionable conduct is willful or done in bad faith. *Id.* at 946, quoting *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith or fault. *Henry v. Gill Indus., Inc.,* 983 F.2d at 947-48. Further, due process

requires "that there exist a relationship between the sanctioned party's misconduct and the matters in controversy such that the transgression 'threatens to interfere with the rightful decision of the case.'" *Anheuser-Busch*, 69 F.3d at 348, quoting *Wyle*, 709 F.2d at 591.

> Dismissal is particularly warranted where one party submits falsified evidence. The submission of falsified evidence substantially prejudices an opposing party by casting doubt on the veracity of all of the culpable party's submissions throughout this litigation. The prejudiced party is forced either to attempt independent corroboration of each submission, at substantial expense of time and money, or to accept the real possibility that those discovery documents submitted by the opposing party are inaccurate. Nor is the exclusion of the fabricated evidence always enough to deter discovery misconduct. Litigants would infer that they have everything to gain, and nothing to lose, if manufactured evidence merely is excluded while their lawsuit continues.

*Pope v. Fed. Express Corp.*, 138 F.R.D. 675,683 (W.D. Mo. 1990) (aJl'd in part, vacated on other grounds, 974 F.2d 982 (8th Cir. 1992)).

Dismissal as a discovery sanction has also been imposed when a personal injury plaintiff lies about the nature and extent of injuries and pre-existing physical conditions. *Reed v. Furr's Supermarkets, Inc.*, 129 N.M. 639, 643 (2000); *Medina v. Foundation Reserve Ins. Co.*, 117 N.M. 163, 166 (1994).

…

…

**Discussion:**

Given the severity of Plaintiff s lower back injury from the industrial accident in 2003, it is impossible to believe that she could have just forgotten about it.  According to the Report and Recommendations filed in the disability action, Plaintiff claimed the need for permanent disability benefits based on the severity of her lower back injury. An injury that was severe enough to affect her daily living (getting out of bed, standing, walking, etc.) and making her unable to ever work again is something she could not have forgotten.  In addition, Plaintiff s false testimony cannot be blamed on confusion or mistake. Plaintiff was asked multiple times if she had any prior injuries to her lower back and each time she denied the same and denied that she ever sought medical treatment during the exact time frame that she was treating - according to the disability litigation documents.  This false testimony goes to a highly material issue in the case – the condition of plaintiff's back before the alleged accident. This transgression threatened the rightful resolution of this case.

In light of all of the facts demonstrated by the Defendant and undisputed by the Plaintiff, the court finds that plaintiff willfully provided false deposition testimony. Plaintiff's motive in doing so was to deceive everyone involved in this litigation in order to recover damages from SMITH'S for medical problems she previously blamed on a prior accident.

The court is mindful of the strong public policy which favors disposition of cases on the merits. The Court must conclude, however, that a less sever sanction is not appropriate here.  The integrity of the judicial process must be protected and the defendant should not have to bear continuing expense of defending this action against a plaintiff who has callously deceived the court, the defendant, her doctors and her own attorney, in the hope of gaining undeserved compensation based on a preexisting condition. Any recovery for aggravation of that condition would be minimal, in the unlikely event that a trier of fact believed the testimony of a perjurer regarding the claimed slip on spilled laundry detergent in defendant's store.

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED Defendant Smith's Food & Drug Centers, Inc.'s Motion to Dismiss, or, in the Alternative to Compel Discovery and Award Sanctions, filed December 13, 2012. (#14) is GRANTED.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint be dismissed with prejudice as a sanction pursuant to Fed. R. Civ. P. 37 and the inherent power of this court to sanction Plaintiff for her bad faith conduct.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of Court within fourteen (14) days.  The Supreme Court has held that the Courts of Appeal may determine that an appeal has been waive due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 6th day of February, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE